IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02590-WJM-CBS

JOSE VELEZ-AROCHO,
    Plaintiff,
v.

VIRTUOSO SOURCING GROUP LLC,
SARAH BILES,
MICHELLE COONEY,
JUDITH A. LASPADA, and
DOES 1-100, INCLUSIVE,
    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff, Mr. Velez-Arocho's, failure to timely appear at the Preliminary Scheduling Conference held on February 8, 2012, failure to comply with a court order, failure to respond to the court's February 13, 2012 Order to Show Cause (Doc. # 27), and failure to prosecute this action. By the Order Referring Case dated November 10, 2011, this civil action was referred to the Magistrate Judge to conduct proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (*See* Doc. # 12). The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se* and *in forma pauperis*, Mr. Velez-Arocho filed the instant action on October 3, 2010, pursuant to 28 U.S.C. § 1331. (*See* Complaint (Doc. # 1); "Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915" (Doc. # 8)). Mr. Velez-Arocho alleges eleven "Counts" under the Fair Debt Collection Practices Act,

1

Title 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, Title 15 U.S.C. § 1681 *et seq.*, Title 7 § 2031 of the Laws of Puerto Rico Annotated, and the Constitution of Puerto Rico. (*See id.*). Mr. Velez-Arocho seeks various forms of monetary damages. (*See id.*).

The Federal Rules of Civil Procedure provide that "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a). By a Minute Order dated December 8, 2011, the court set a Preliminary Scheduling Conference on February 8, 2012 at 8:30 a.m. (*See* Doc. # 23). The court mailed a copy of the Minute Order to Mr. Velez-Arocho at his address of record with the court. (*See* Doc. # 23, Notice of Electronic Filing). The court's records indicate that Mr. Velez-Arocho's copy of the Minute Order was not returned to the court in the mail as undeliverable. The court held the Preliminary Scheduling Conference on February 8, 2012. Defendant appeared through counsel. Mr. Velez-Arocho did not appear. Mr. Velez-Arocho has not contacted the court regarding his failure to appear.

On February 13, 2012, the court issued an order directing Mr. Velez-Arocho to show cause on or before March 1, 2012 why this civil action should not be dismissed for his failure to appear at the February 8, 2012 Preliminary Scheduling Conference, failure to comply with a court order and the Federal Rules of Civil Procedure, and failure to prosecute this civil action. (*See* Doc. # 27). *See also* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of

2

Civil Procedure, or any court order."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute). The court advised Mr. Velez-Arocho "that failure to adequately respond to the Order to Show Cause on or before March 1, 2012 may result, without further notice, in a Recommendation to the District Judge that this civil action be dismissed and/or sanctions, including but not limited to an order to pay reasonable expenses including defense counsel's attorney fees for appearing at the February 8, 2012 Preliminary Scheduling Conference." (*See* Doc. # 27).  As of this date Mr. Velez-Arocho has not responded to the court's Order to Show Cause.  The court's records do not reflect that Mr. Velez-Arocho's copy of the Order Show Cause was returned as undeliverable.  Mr. Velez-Arocho has filed nothing in this case since December 5, 2011.

 Mr. Velez-Arocho has failed to failed to appear at the Preliminary Scheduling Conference held on February 8, 2012, failed to comply with a court order, failed to respond to the court's February 13, 2012 Order to Show Cause, and failed to prosecute this action.  Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the

authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."). *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Rogers*, 502 F.3d at 1151 ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Mr. Velez-Arocho has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Mr. Velez-Arocho's eleven claims alleging violation the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the laws of Puerto Rico, and the Constitution of Puerto Rico.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Velez-Arocho's failure to appear at the Preliminary Scheduling Conference held on February 8, 2012, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and the court's orders, failure to respond to the court's February 13, 2012 Order to Show Cause, and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See *Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  But see, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 12th day of March, 2012.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge